**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAY 27 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

KAREN S. PETERSON,

      Plaintiff-Appellant,

v.

SWEETWATER COUNTY SCHOOL
DISTRICT NO. 1; GRANT
CHRISTENSEN; MARY HAY
CHANT; KAY MARSCHALK;
TERRY McMANUS; ROBERT
RAMSEY; KITTY SMITH; NORMA
STENSAAS; DON BAUMBERGER;
ROBERT WALLENDORFF; FRANK
PREVEDEL; ARNIE LANG;
THELENE SCARBOROUGH; ALAN
GREEN; MARK THORNBERG, each
individually and in their capacity as
School Board Member/Administrator/
Employee of Sweetwater County
School District No. 1,

      Defendants-Appellees.

No. 96-8026
(D.C. No. 95-CV-101)
(D. Wyo.)

---

ORDER AND JUDGMENT[*]

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before BRORBY, BARRETT, and LUCERO, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff-appellant Karen S. Peterson, appearing pro se,[1] brought suit under 41 U.S.C. § 1983 and Wyoming common law against defendants-appellees, Sweetwater County School District No. 1 (the district), individual employees of the district, and members of the district's board of trustees, alleging that her due process and free speech interests were violated when she was constructively discharged from her position as school psychologist.[2] We affirm the district court's grant of summary judgment in favor of defendants.

---

[1] Ms. Peterson is an attorney, admitted to the practice of law in Utah and Wyoming.

[2] Just prior to entry of summary judgment against her, Ms. Peterson moved to amend her complaint to include claims of age discrimination, see 29 U.S.C. §§ 621 to 634, and sex discrimination, see 42 U.S.C. § 2000e to 2000e-17. The district court denied the motion and Ms. Peterson has not pursued these theories on appeal.

## FACTUAL BACKGROUND

Ms. Peterson began working for the district in the 1981-82 school year. Her differences with defendants first surfaced during the 1983-84 school year, when she felt that the district had overburdened her with clerical work and had hired another psychologist who was incompetent and unethical. Ms. Peterson filed one unsuccessful grievance in 1985, alleging unfairness in the application of the district's policy concerning travel to out-of-state conferences, and another in 1990, alleging an overload in work responsibilities. Throughout her employment, she took issue with occasionally critical evaluations, suggestions, and comments from supervisors whom she considered unqualified judges of her performance. She also gave her disparaging views on certain district practices and personnel in many settings, including university classes that she was teaching and attending. Ms. Peterson attempted to transfer to different positions in the district, but her requests were denied.

On three occasions, Ms. Peterson's supervisors took the disciplinary step of placing her on a Performance Improvement Plan (PIP). Ms. Peterson asserts that these plans exemplified the defendants' efforts to "create the illusion of charges of improprieties and poor work performance in order to keep her busy and primarily keep her from complaining." Brief of appellant at 6-7. The first PIP, imposed in the spring of 1984, required Ms. Peterson to observe the rules of

confidentiality, reduce her use of technical jargon during conferences with parents and in written reports to other professionals, and submit any concerns about her colleagues in writing to the director of special services. The provisions of the second PIP, for the 1985-86 school year, were similar. The third PIP was imposed during the summer of 1991, at the conclusion of a suspension with pay.[3] The suspension occurred after Ms. Peterson acted outside her authority by canceling scheduled counseling sessions for students. Although a Wyoming statute requires a hearing for suspension of continuing contract teachers, see Wyo. Stat. Ann. § 21-7-110(c), no hearing was held in connection with Ms. Peterson's suspension.

By June of 1991, Ms. Peterson had decided to resign, because she felt that defendants had harassed her, deprived her of clerical support and proper equipment, denied her professional development opportunities, and violated her First and Fifth Amendment rights. However, she resolved to continue her employment for one more year, in the belief that she would be entitled to receive early retirement benefits after the 1991-92 school year. On September 11, 1991, she submitted her resignation, effective at the end of the school year. The remainder of the school year went relatively smoothly. Ms. Peterson received favorable evaluations and an offer of continuing employment for the 1992-93

---

[3]     The record on appeal does not include the third PIP.

-4-

school year. Although she was denied early retirement benefits,[4] she did not return to the district the following year.

## DISCUSSION

On appeal, we review the record de novo, see David v. City & County of Denver, 101 F.3d 1344, 1355 (10th Cir. 1996), and construe the factual record and all reasonable inferences in the light most favorable to Ms. Peterson, see id. Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. See Watson v. University of Utah Med. Ctr., 75 F.3d 569, 574 (10th Cir. 1996).

Ms. Peterson's allegations of constructive discharge form the basis of her Wyoming state law claim, see Employment Sec. Comm'n v. Western Gas Processors, Ltd., 786 P.2d 866, 871 (Wyo. 1990) (recognizing the concept of constructive discharge), and part of her § 1983 free speech and due process claims, see Gardetto v. Mason, 100 F.3d 803, 812-14 (10th Cir. 1996) (assessing the § 1983 free speech claim of a suspended teacher); Woodward v. City of Worland, 977 F.2d 1392, 1401 (10th Cir. 1992) (recognizing that "constructive

---

[4]     In state court, Ms. Peterson filed an unsuccessful lawsuit concerning the denial of early retirement benefits. See Peterson v. Sweetwater County Sch. Dist. No. One, 929 P.2d 525 (Wyo. 1996) (affirming entry of summary judgment on breach of contract, promissory estoppel, age discrimination, due process, and equal protection claims).

discharge from employment as to which an employee has a protectable property or liberty interest may be actionable under § 1983") (footnote omitted).

Constructive discharge occurs when "a reasonable [person] in the employee's position would view the working conditions as intolerable and when the working conditions [are] so difficult that a reasonable person would feel compelled to resign." Id. (quotations omitted).  Essentially, a plaintiff must show that she was "forced to quit." Reynolds v. School Dist. No. One, 69 F.3d 1523, 1534 (10th Cir. 1995).

After deciding to resign, Ms. Peterson stayed with the district for an entire school year.  During the last year of her employment, conditions improved rather than worsened.  Under these circumstances, there can be no reasonable inference of intolerable working conditions.  We agree with the trial court that the evidence does not rise to the level necessary to establish a genuine dispute of fact as to constructive discharge.

Ms. Peterson has also alleged that defendants violated her First Amendment right to freedom of speech by:  (1) criticizing and restricting her use of technical language in diagnostic reports and discussions; (2) cautioning her not to make public evaluative comments on the professional performance of district personnel; and (3) retaliating against her for speaking out on the deficiencies of district policies and personnel.  In assessing the free speech claim of a public employee,

the initial issue is "whether the employee has spoken 'as a citizen upon matters of public concern' or 'merely as an employee upon matters only of personal interest.'" Gardetto, 100 F.3d at 812 (quoting Connick v. Myers, 461 U.S. 138, 147 (1983). This inquiry is a question of law for the court. Gardetto, 100 F.3d at 811-12.

Determining whether speech addresses a matter of public concern, as opposed to matters related only to personal interest, depends on the "content, form, and context of a given statement, as revealed by the whole record." Connick, 461 U.S. at 147-48. "To be protected speech, the expression must sufficiently inform the issue as to be helpful to the public in evaluating the conduct of government." Withiam v. Baptist Health Care of Okla., Inc., 98 F.3d 581, 583 (10th Cir. 1996) (quotation and emphasis omitted). In deciding how to classify particular speech, courts consider the motive of the speaker and whether the speech was calculated to redress personal grievances or whether it addressed a broader public purpose. See Gardetto, 100 F.3d at 812. That is, the court must evaluate whether the plaintiff "spoke out based on the same motivation that would move the public to speak out." Id. Applying these standards, we conclude upon a review of the record that Ms. Peterson spoke from personal motives in order to air her own grievances on matters which do not meet Connick standards.

The final aspect of Ms. Peterson's § 1983 claim involves alleged violations of procedural due process in the district's handling of her suspension and grievances. "To assess whether an individual was denied procedural due process, courts must engage in a two-step inquiry: (1) did the individual possess a protected interest such that the due process protections were applicable; and, if so, then (2) was the individual afforded an appropriate level of process." Watson, 75 F.3d at 577 (internal quotations and citations omitted).

We have previously held that suspension with pay does not infringe any measurable property interest and, therefore, does not raise due process concerns. Hicks v. City of Watonga, 942 F.2d 737, 746 n.4 (10th Cir. 1991). Ms. Peterson's suspension was brief and with pay. Moreover, even assuming that Ms. Peterson had a property interest in the subject matter of her grievances, the record demonstrates that the district followed its policies in affording Ms. Peterson an opportunity to pursue grievances.

After a careful review of the record and the arguments of the parties,[5] we AFFIRM the judgment of the United States District Court for the District of

---

[5] Because we conclude that the district court was correct in entering summary judgment on the grounds that there were no genuine issues of contested fact concerning the substance of Ms. Peterson's claims, we do not reach the other issues addressed by the district court and argued on appeal. These issues include the application of qualified immunity, the expiration of the appropriate statutes of limitations, and the failure to file a timely notice of claim.

Wyoming. We grant Ms. Peterson's motion to withdraw her motion for sanctions and deny defendants' request for sanctions. The mandate shall issue forthwith.

Entered for the Court


James E. Barrett
Senior Circuit Judge
